# Eastern District of New York

_____

| Michael Hall | . | **Motion** |
| V. | . | **For** |
| THE CITY OF NEW YORK | . | **Summary Judgment** |

_____

23CV-1787

FILED
Aug 7, 2024, 8:27 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

On the grounds of "*United States Federal Rule 56*", I Michael Hall move for Summary Judgement.

The Surveillance Videos, and absence of Surveillance Videos reveals the Correctional Officers Misconduct in regards to the Deliberate Indifference towards The Plaintiff, who was a Detainee on Rikers Island. The Memorandum of Law, History of Constitutional Violations, Pattern of Misconduct and Case Laws presented below establishes the § 1983 Liability Claim for the Granting of this Motion for Summary Judgment.

*"The Party Moving for Summary Judgment has the burden to show that there is no genuine issue of material fact, and that it is entitled to Judgment as a Matter of Law. "* Anderson v. Liberty Lobby, Inc., 477 US 242

_____

## History of Constitutional Violations

A July 2024 Article, from *Yahoo News* discussed the Death of Charizma Jones, a 23-year-old Woman. She was a inmate on Rikers Island, and Medical Records obtained by the Daily News indicated that Jones had a rash covering much of her body and was Denied Medical Care for at least Two Days in May, despite her condition.

In response to Jones' Death, Two New York City jail oversight agencies, *The Board of Correction* and *The Department of Investigation*, launched probes to investigate the circumstances surrounding her death and the allegations that Correction Officers had BLOCKED Medical Staff from treating her.

In February 2023, a Article from *Prison Legal News* reported on the record number of Detainee Deaths on Rikers Island in 2021, and attributes these Deaths in part to Guards Absenteeism, Abuse, and Corruption.

In June 2016, FIVE New York City Correction Officers were found guilty of all charges related to the brutal beating of an inmate, Jahmal Lightfoot, at the Rikers Island jail complex in 2012. The Officers, including former Chief Eliseo Perez and Officers Alfred Rivera, Tobias Parker, Jose Parra, and David Rodriguez, were convicted on charges including Attempted Gang Assault, Attempted Assault, Assault, Falsifying Business Records, Offering False instrument for Filing, and Official Misconduct.

United States Department of Justice conducted a investigation into Rikers Island. The DOJ investigation resulted in a report titled *"A Civil Rights Investigation of the New York City Department of Correction's Treatment of Young Inmates at Rikers Island"* (2014), which can be found online.

Nunez v. City of New York 730 F.3d 299 (2d Cir. 2013) : This Class-Action lawsuit alleged that Correctional Officers at Rikers Island used Excessive Force, against Inmates and Violated their Constitutional Rights. The lawsuit led to a settlement, in which the City of New York agreed to Implement Reforms, aimed at reducing violence on Rikers Island.

Ingram v. City of New York 814 F.3d 264 (2d Cir. 2016) : This lawsuit alleged that Correctional Officers on Rikers Island Failed to protect an Inmate, from being Sexually Assaulted by other Inmates, in violation of his Constitutional Rights. The case was settled for $1.2 million.

Lora v. City of New York 17-cv-07499 (S.D.N.Y.) : This lawsuit alleged that a Rikers Island Correctional Officer Sexually Assaulted an Inmate, in violation of her Constitutional Rights. The case was settled for $500,000.

United States v. Seabrook 1:16-cr-00467 (S.D.N.Y.) : This criminal case involved a former Rikers Island Correctional Officers Union Leader, who was convicted of accepting Bribes in exchange for investing Union Money in a Hedge Fund.

Ingram v. City of New York 15-cv-6936 (S.D.N.Y.) : This case involved a settlement of over $28 Million in a Civil Rights lawsuit filed by the Grandmother of a Man, who Attempted Suicide while in custody on Rikers Island, alleging that Correctional Officers waited nearly eight minutes before helping him, resulting in Brain Damage.

---

## Pattern of Constitutional Violations

In regards to a §1983 Liability Claim, The United States Supreme Court said in *Board of Comm'rs of Bryan Cty. v. Brown, 520 US 397*:

(1) *"Identify a Policy or Custom that deprived (The Plaintiff) of a Federally Protected Right.*
(2) *Demonstrate that the Municipality, by its Deliberate Conduct, acted as the moving force behind the alleged Deprivation.*
(3) *Establish a Direct Casual Link between the Policy or Custom, and The Plaintiff's Injury."*

Unless the City of New York is willing to admit that Special Housing Areas DOES NOT require Body Camera when Search for Weapons after a Incident? We may conclude that the Decision to Search the Special Housing Area for weapons, without having the Body Cameras on was either a Policy, Custom or a Decision by The Officers?

*"Similarly, the conclusion that the action taken or directed by the Municipality, or its Authorized Decision Maker itself Violates Federal Law will also determine that the Municipal Action was the moving force behind the injury of which The Plaintiff Complains." Board of Comm'rs of Bryan Cty. v. Brown, 520 US 397*

The Casual Link is exposed when we realize that the New York City Department of Corrections has a Documented History of Constitutional Violations against Detainees. The purpose of having Body Cameras is PREVENT Negligence, Mistreatment and Official Misconduct. All of which has a Direct Effect on The Plaintiff's Constitutional Right of Due Process, The Constitutional Right to a Speedy Trial, and The Constitutional Right of Cruel and Unusual Punishment.

Sensitive Notes and Legal Arguments remain Missing and Lost to this day, for which has effected The Plaintiff's Constitutional Due Process Rights.

*"Monell held that a Municipality can be Liable under §1983 when the Injury inflicted is permitted, under its adopted Policy or Custom." County of Riverside v. Mclaughlin 500 US 44 (1991)*

This FACT is highlighted with the reality that Rikers Island is <u>NOTORIOUS</u> for Official Misconduct towards Detainees. (See Above)

*"A Municipality may be Liable, if it had Notice of Prior Misbehavior by its Officers, and failed to take remedial steps, amounting to Deliberate Indifference to the Offensive Acts. Municipal Liability for Failure to train requires, Evidence at least of a Pattern of Similar incidents in which Citizens were Injured or Endangered. A failure to Supervise gives rise to § 1983 Liability, however, only in those situations where there is a History of widespread Abuse." Canton v. Harris, 489 US 379*

In regards to a Monell Claim the United States Supreme Court said:

*"Where a § 1983 Plaintiff can establish that the facts available to City Policymakers put them on Actual or Constructive Notice, that the particular omission is substantially certain to result in the violation of the Constitutional Rights of their Citizens, the Dictates of Monell are Satisfied." Canton v. Harris, 489 US 379*

# Constitutional Violation of Due Process

*"The Supreme Court noted that the Lower Courts have found a Post-Accusation Delay of one year to be Presumptively Prejudicial, which does not necessarily indicate a Statistical Probability of Prejudice, but marks the point, at which courts deem the delay Unreasonable enough to trigger the Barker Enquiry."* Doggett v. United States, 505 US 647

The Missing Legal Arguments, Notes and Documentation has in fact delayed The Plaintiff's Defense in regards to his Constitutional Due Process Rights.

*"The Lower Courts have generally found Post Accusation Delay presumptively Prejudicial at least as it approaches One Year."* Doggett v. United States, 505 US 647

In Addition to the Missing Legal Arguments, Notes and Documentation the City of New York has NOT provided the Body Camera Footage of the Special Housing Unit Cell Search.

*"The Court has recognized Three Types of Prejudice : (1) Oppressive Pretrial Incarceration, (2) Anxiety and Concern of the Accused, and (3) The possibility that the Accused's Defense will be Impaired by Dimming Memories and Loss of Exculpatory evidence."* Doggett v. United States, 505 US 647

The City of New York holds the contention that these finds are not Constitutional Violations?

*"Of these forms of Prejudice, the most serious is the last, because the Inability of a Defendant adequately to prepare his case skews the Fairness of the Entire System."* Doggett v. United States, 505 US 647

---

# Summary Judgment

*"When Opposing Parties tell Two different Stories, One of which is Blatantly Contradicted by the Record, so that no reasonable Jury could Believe it, a court should NOT adopt that version of the facts for purposes of ruling on a motion for Summary Judgment."* Scott v. Harris, 550 US 372

At this Level of the Legal Processing, the City of New York does not have a valid Defense in light of the Present and Absent Surveillance Videos that reveals the Official Misconduct, Negligence and Mistreatment of Deliberate Indifference towards The Plaintiff.

*"If the Evidence of the Non-Moving Party is merely Colorable, or is not significantly probative, Summary Judgment may be Granted."* Anderson v. Liberty Lobby, Inc., 477 US 242

In Addition to the Deliberate Indifference towards The Plaintiff. The City of New York has a History of widespread Abuse, Negligence, Misconduct, Mistreatment and Constitutional Violations conducted by Rikers Island Correctional Officers towards Detainees. (See Above)

*"The Court must determine whether the evidence presents a Sufficient Disagreement, to require submission to a Jury, or whether it is so One-Sided that One Party must prevail as a Matter of Law."* Anderson v. Liberty Lobby, Inc., 477 US 242

---

## CONCLUSION

Based on the Case Law principals above, the revelations of Constitutional Violations conducted by The Municipal Employees, of The New York City Department of Corrections. The City of New York here in this § 1983 Claim is Liable for the Actions, Policies, Customs, Negligence, Misconduct, Mistreatment and Constitutional Violations of the Correctional Officers involved.

The Fact that The Plaintiff was within a Special Housing Area at the time is additional grounds for the establishment of the Constitutional Violation of Due Process. The Lost of The Plaintiff's Legal Arguments, Notes and Documentation contributed to The Plaintiff's delay in The Indictment. Fore which is both a Constitutional Violation of Due Process, and grounds to establish a §1983 Municipal Liability Claim.

Moreover, the absence of the Body Camera Footage is Firstly a Violation of New York State Directives, and Secondly a indication of Misconduct. The Correctional Officers at the time of the Incident was looked for Weapons, while in a Special Housing Area, without a Body Camera Record?

*"The mere existence of a Scintilla of Evidence to support [The Non-Moving Party's] position will be insufficient." Anderson v. Liberty Lobby, Inc., 477 US 242*

Truly,

/S/ Michael Hall

August 6, 2024