UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**MICHAEL HALL**,                                                 :
                                                                  :
                Plaintiff,   :
                                                                  :  **MEMORANDUM DECISION AND**
        – against –                                     :  **ORDER**
                                                                  :
                                                                  :  23-CV-1787 (AMD) (MMH)
**CITY OF NEW YORK**; **CAPTAIN FLUKER**;                         :
and **CORRECTION OFFICER HYDE**,                                  :
                                                                  :
                Defendants.  :
                                                                  :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff brings this action against the City of New York and two corrections officers, alleging Fourth Amendment and Fourteenth Amendment violations, as well as a *Monell* claim. Before the Court are the parties' cross motions for summary judgment. For the following reasons, the plaintiff's motion is denied and the defendants' motion is granted.

## BACKGROUND[1]

On March 9, 2022, an inmate stabbed another inmate during a fight in Quad Upper 2, a housing area in the Anna M. Kross Center ("AMKC") on Rikers Island. (ECF No. 52, Defendants' Rule 56.1 Statement ("Defs. 56.1") ¶¶ 1–2; ECF No. 51-1, Exhibit A, AMKC Surveillance Video ("AMKC Video") at 09:00:00–09:00:35; ECF No. 51-2, Exhibit B, AMKC Quad Upper 2 Logbook ("AMKC Logbook").) Corrections officers searched the cells in Quad

---

[1] The factual background is based on the Court's review of the entire record, including the defendant's 56.1 statement. The plaintiff did not respond to the defendants' motion or file a Rule 56.1 statement. Nevertheless, the Court has considered the entire record, including the plaintiff's previous filings, in deciding these motions.

Upper 2, where the plaintiff was a pretrial detainee, for the weapon used in the attack. (ECF No. 52, Defs. 56.1 ¶¶ 3–4.)

The officers escorted the plaintiff from his cell and searched it. (ECF No. 52, Defs. 56.1 ¶¶ 4–5; ECF No. 51-1, AMKC Video at 09:46:00–09:47:00.) They took papers, a plastic bin, and a plastic bag from the plaintiff's cell and dropped them in the hallway. (ECF No. 52, Defs. 56.1 ¶ 6; ECF No. 51-1, AMKC Video at 09:46:44–09:52:30.) The plaintiff returned to his cell after the search and collected the papers. (ECF No. 52, Defs. 56.1 ¶ 7; ECF No. 51-1, AMKC Video at 09:52:30–09:53:50.)

Later that day, the plaintiff submitted a 311 complaint about the search of his cell. (ECF No. 52, Defs. 56.1 ¶ 8; ECF No. 51-4, Exhibit D, March 9, 2025, 311 Complaint ("311 Compl.") at 6.) At his deposition, the plaintiff did not remember if he took any other action. (ECF No. 52, Defs. 56.1 ¶ 7; ECF No. 51-3, Exhibit C, Hall Deposition ("Hall Dep.") at 58–61.) The record shows that prison officials did not respond to the complaint within seven days, as required by the Inmate Grievance and Request Program. N.Y.C. Dep't of Corr., Directive 3376R-A § VI.A.1 (Dec. 10, 2018), https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf. There is no evidence that the plaintiff requested an appeal after prison officials did not respond.

On September 15, 2023, the plaintiff filed an amended complaint against the City of New York, Captain Fluker, and Correction Officer Hyde. (ECF No. 17.)[2] The plaintiff moved for summary judgment on December 5, 2024 (ECF No. 47), and the defendants cross-moved for summary judgment on December 20, 2024 (ECF No. 49).

---

[2] The plaintiff's first complaint, filed on March 8, 2023, was against the New York City Department of Corrections. (ECF No. 1.)

2

**LEGAL STANDARD**

Summary judgment is appropriate if the parties' submissions — including pleadings, deposition transcripts, affidavits, and other material in the record — show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant has the burden of demonstrating that no material fact is genuinely in dispute. *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020). "A fact is material if it might affect the outcome of the suit under the governing law," and a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Summary judgment is appropriate only if "on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in its favor." *Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023) (alterations adopted) (quoting *Capobianco v. City of N.Y.*, 422 F.3d 47, 54–55 (2d Cir. 2005)). The question is not whether "the evidence unmistakably favors one side or the other but whether a fair-minded fact-finder could return a verdict for the non-moving party on the evidence presented." *Id.* (alterations adopted) (quoting *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005)).

"Cross-motions for summary judgment do not alter the basic standard." *Basora v. City of Poughkeepsie*, No. 22-CV-3300, 2025 WL 50322, at *3 (S.D.N.Y. Jan. 8, 2025). "When both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party." *Roberts*, 68 F.4th at 88 (2d Cir. 2023) (cleaned up) (quoting *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)); *see also Coutard v.*

3

*Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017) ("The fact that both sides have moved for summary judgment does not guarantee that there is no material issue of fact to be tried and that one side or the other is entitled to that relief."). Where, as here, the parties have cross-moved for summary judgment, the Court evaluates each party's motion "on its own merits," and draws all reasonable inferences "against the party whose motion is under consideration." *Roberts*, 68 F.4th at 88 (quoting *Morales*, 249 F.3d at 121). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Court affords "special solicitude" to *pro se* litigants who are "confronted with motions for summary judgment," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and "liberal[ly] constru[es] their pleadings . . . to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotations and citation omitted). However, "proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by [evidence] are insufficient to overcome a motion for summary judgment." *Leon v. Dep't of Educ.*, No. 10-CV-2725, 2017 WL 6729676, at *4 (E.D.N.Y. Sept. 29, 2017), *aff'd sub nom. Leon v. New York City Dep't of Educ.*, 740 F. App'x 759 (2d Cir. 2018) (internal citations omitted).

## DISCUSSION

Both parties move for summary judgment. Although it is difficult to identify precisely which claims the plaintiff brings, the Court liberally construes his submissions as Fourth Amendment unlawful search and Fourteenth Amendment due process claims against Captain

4

Fluker and Officer Hyde, and a *Monell* claim against the City.  (*See* ECF Nos. 17, 47, 56.)³  The defendants argue that the plaintiff did not exhaust his administrative remedies, and that his claims should be dismissed in any event.  (ECF No. 53 at 7.)  The record shows that the plaintiff did not exhaust his administrative remedies.  Accordingly, the Court denies the plaintiff's motion and grants the defendants' motion.

The Prison Litigation Reform Act "requires an inmate to exhaust all 'available' administrative remedies before bringing a federal civil rights action."  *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (citing 42 U.S.C. § 1997e(a)).  The statute requires "proper exhaustion" of administrative remedies prior to bringing a federal lawsuit, including "compliance with an agency's deadlines and other critical procedural rules."  *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 311 (2d Cir. 2020) (citation omitted).  Exhaustion of administrative remedies is an affirmative defense for which the defendant bears the burden of proof.  *Jones v. Bock*, 549 U.S. 199, 212 (2007); *see also Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

"At Rikers Island, grievance procedures are governed by the Inmate Grievance and Request Program," or IGRP.  *Hickman v. City of N.Y.*, No. 20-CV-4699, 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021).  "The IGRP involves four steps."  *Id.*  First the inmate must make a 311 complaint or submit a grievance to the Office of Constituent and Grievance Services ("OCGS") within ten days of the underlying incident.  *Prince v. Latunji*, 746 F. Supp. 2d 491, 495 (S.D.N.Y. 2010); *see also* N.Y.C. Dep't of Corr., Directive 3376R-A §§ III.A, V (Dec. 10, 2018), https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf.  A

---

³ The plaintiff argues that the defendants have not complied with their discovery obligations and did not preserve body-worn camera footage from the cell search.  (ECF No. 47 at 2–4.)  The plaintiff previously raised this issue with Magistrate Judge Marcia M. Henry (ECF Nos. 40, 42, 43), who did not find that there were any discovery violations (*see* ECF Nos. 44, 45).

5

grievance officer must "either dismiss and close the grievance, refer the submission to the appropriate entity, or investigate the grievance and propose a resolution to the inmate" within seven days of receiving a complaint. *Id.* § VI.A.1. "If the inmate does not receive a timely disposition at any stage of the OCGS process, the inmate may submit a request for an appeal (to proceed to the next step of the OCGS process)." *Id.* § XI.B.4.[4]

To exhaust his claims under the IGRP, an inmate must "use all available administrative mechanisms, including appeals, 'through the highest level for each claim.'" *Terry v. N.Y.C./D.O.C./V.C.B.C. Warden Carter*, No. 21-CV-8995, 2023 WL 199594, at *5 (S.D.N.Y. Jan. 17, 2023) (quoting *Ford v. Aramark*, No. 18-CV-2696, 2020 WL 377882, at *4 (S.D.N.Y. Jan. 23, 2020); *see also Hayes v. Dahlke*, 976 F.3d 259, 271 (2d Cir. 2020) (finding that an inmate exhausted his remedies when "there simply were no further steps under the regulations that [he] could have taken to obtain relief on most of his grievances"). When an administrative body "does not issue a timely decision . . . the inmate can still appeal . . . as soon as the [applicable] deadline expires." *Brown v. Donahue*, No. 22-CV-6549, 2024 WL 1810322, at *3 (W.D.N.Y. Apr. 25, 2024). "[C]ourts in this Circuit have repeatedly held that a prisoner in custody of the New York City Department of Corrections who has not received a response to a grievance but has not requested a hearing has not exhausted his administrative remedies for purposes of the PLRA." *Rivera v. Anna M. Kross Ctr.*, No. 10-CV-8696, 2012 WL 383941, at *5 (S.D.N.Y. Feb. 7, 2012) (collecting cases).

---

[4] If the inmate receives an unfavorable decision, he is required to appeal that to the OCGS Commanding Officer and, thereafter, to the OCGS Division Chief and the Central Office Review Committee ("CORC"). N.Y.C. Dep't of Corr., Directive 3376R-A §§ VII, VIII, IX. The CORC's decision "constitutes the Department's final decision on the inmate's grievance," after which the inmate may proceed to suit in federal court. *Id.* § IX.F.1.d.ii.

6

The plaintiff did not exhaust his administrative remedies. He filed a 311 complaint on March 9, 2022, which was transmitted to the AMKC that day. (ECF No. 51-4, 311 Compl. at 6.) The deadline for the AMKC to respond was March 23, 2022. (*Id.*)[5] On May 5, 2022, the complaint was marked unsubstantiated and closed. (*Id.* at 5.) The plaintiff took no further action. He did not request an appeal after the AMKC's time to respond ran out. *See* N.Y.C. Dep't of Corr., Directive 3376R-A § XI.B.4 ("If the inmate does not receive a timely disposition at any stage of the OCGS process, the inmate may submit a request for an appeal (to proceed to the next step of the OCGS process)."); *see also Rivera*, 2012 WL 383941, at *5. Accordingly, the plaintiff's suit must be dismissed under the PLRA.[6]

## CONCLUSION

For these reasons, the plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff, to note the mailing on the docket, and to enter judgment and close the case.

---

[5] According to the complaint log, the grievance officer had ten business days to respond — not the seven specified in the IGRP. But the analysis is the same, because the plaintiff did not request an appeal. (*See* ECF No. 51-4, 311 Compl. at 6.)

[6] An inmate's obligation to exhaust his administrative remedies may be waived if the administrative procedure is "unavailable:" "(1) [where] 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;' (2) the scheme is 'so opaque that it becomes, practically speaking, incapable of use,' meaning that 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it;' or (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Hayes*, 976 F.3d at 268 (quoting *Ross v. Blake*, 578 U.S. 632, 643–44 (2016)). None of these circumstances are present here.

**SO ORDERED.**

                                                                    s/Ann M. Donnelly
                                            _____
                                            ANN M. DONNELLY
                                            United States District Judge

Dated:  Brooklyn, New York
           August 13, 2025

Case 1:23-cv-01787-AMD-MMH   Document 60   Filed 08/13/25   Page 8 of 8 PageID #: 406